UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAILALITHA JONNALAGADDA, )
1669 Sierra Drive, )
Marietta, GA 30062, )
)
and )
)
JAYMIN BHUPENDRABHAI THAKKAR, )
1669 Sierra Drive, )
Marietta, GA 30062, )
)
Co-Plaintiffs, )
)
v. )
)
RAND BEERS, Acting Secretary, U.S. )
Department of Homeland Security, in )
his official capacity as well as his )
successors and assigns, )
245 Murray Lane, S.W., )
Building 410, )
Washington, D.C.  20528, )
)
and )
)
ERIC HOLDER, Attorney General of the )
United States, in his official capacity as )
well as his successors and assigns, )
U.S. Department of Justice, )
950 Pennsylvania Avenue, N.W., )
Washington, D.C. 20530, )
)
and )
)
JAMES B. COMEY, Director, )
Federal Bureau of Investigation, )
in his official capacity, as well as his )
successors and assigns, )
J. Edgar Hoover Building, )
935 Pennsylvania Avenue N.W., )
Washington, D.C. 20535, )
)
and )
)
ALEJANDRO MAYORKAS,  Director, )
U.S. Department of Homeland Security, )
U.S. Citizenship and Immigration )
Services, in his official capacity, as )

COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND FOR
WRIT OF MANDAMUS

CIVIL ACTION NO. _____

ALIEN NO.: A089126367;
A089126368

AGENCY CASE NUMBERS:
LIN0801353403; LIN0801353580

REQUEST FOR ORAL ARGUMENT

well as his successors and assigns,      )
20 Massachusetts Avenue, N.W.,           )
Washington, D.C. 20529,                  )
                                         )
              and                        )
                                         )
DONALD NEUFELD, Associate                )
Director, Service Center Operations      )
Directorate,                             )
U.S. Department of Homeland Security,    )
U.S. Citizenship and Immigration         )
Services, in his official capacity as well )
as his successors and assigns,           )
20 Massachusetts Avenue, N.W.,           )
Washington, D.C. 20529,                  )
                                         )
              and                        )
                                         )
MARK J. HAZUDA, Director,                )
Nebraska Service Center,                 )
U.S. Department of Homeland Security,    )
U.S. Citizenship and Immigration         )
Services, in his official capacity as well )
as his successors and assigns,           )
850 S. Street,                           )
Lincoln, NE 68508,                       )
                                         )
              and                        )
                                         )
GREGORY A. RICHARDSON, Director,         )
Texas Service Center,                    )
U.S. Department of Homeland Security,    )
U.S. Citizenship and Immigration         )
Services, in his official capacity as well )
as his successors and assigns,           )
4141 North St. Augustine Road,           )
Dallas, TX 75227,                        )
                                         )
              and                        )
                                         )
PAUL ONYANGO, Field Office               )
Director, Atlanta Field                  )
Office, in his official capacity as well as )
his successors and assigns,              )
2150 Parklake Drive N.E.,                )
Atlanta, GA 30345,                       )
                                         )
         Defendants.                     )
                                         )
                                         )
                                         )

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND FOR WRIT OF MANDAMUS

Plaintiffs, Jailalitha Jonnalagadda ("Plaintiff-wife") and Jaymin Bhupendrabhai Thakkar ("Plaintiff-husband"), through undersigned counsel, allege as follows:

### I. INTRODUCTION

1.     This civil action seeks to compel unreasonably delayed government action on the adjudication of the Form I-485 Applications for Adjustment of Status ("I-485 Applications") to Lawful Permanent Residents ("LPRs") properly filed by Plaintiffs on August 16, 2007.  These Applications were filed and remain in the jurisdiction of U.S. Citizenship and Immigration Services ("USCIS"), which has improperly withheld action on the I-485 Applications for **more than 2,241 days**, to Plaintiffs' detriment.

2.     When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it indicated that immigration benefit Applications filed under the Immigration and Nationality Act (which include I-485 Applications) "should be completed not later than **180 days** after the initial filing of the application . . . ."  8 U.S.C. §1571(b).

3.     The Administrative Procedure Act requires that administrative agencies conclude matters presented to them "within a reasonable time."  5 U.S.C. §555(b).

4.     This action seeks injunctive and mandamus relief to compel USCIS to adjudicate Plaintiffs' I-485 Applications.  The APA provides that a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  A reviewing court "shall compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. §706(1).

5.     Plaintiffs have made inquiries with USCIS regarding the delayed adjudication of their I-485 Applications, without success.  Plaintiffs have not been advised of any specific problem, issue, or question about their filings.  Instead, Plaintiffs have simply been told that their Applications were being subjected to further review and that they have to wait, indefinitely, with no end in sight.

6.        As a result, Plaintiffs suffer the hardships of unreasonably and unlawfully delayed adjudication, as detailed further herein.

7.        This action also seeks to compel the Federal Bureau of Investigation ("FBI") to complete Plaintiffs' National Name Check Program ("NNCP") clearances, which may be contributing to the unreasonably delayed adjudication of Plaintiffs' Applications.

8.        Plaintiffs seek an order from this Honorable Court directing Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court.

9.        Plaintiffs are entitled to attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 5 U.S.C. §504 and 28 U.S.C. §2412(d), *et seq.*

## II. JURISDICTION

10.        This Honorable Court has subject matter jurisdiction over the claims alleged in this action under: (1) 28 U.S.C. §1331 (federal question jurisdiction), because Plaintiffs' claims arise under the laws of the United States, including 5 U.S.C. §§555 and 701, *et seq.* (APA), 8 U.S.C. §1101 *et seq.* (Immigration and Nationality Act) (including 8 U.S.C. §§1151, 1154 and 1255), and 8 U.S.C. §1571 (Immigration Services and Infrastructure Improvements Act of 2000); and (2) 28 U.S.C. §1361 (Mandamus Act).  This court may grant relief in this action under 5 U.S.C. §§553, *et seq.* and §§701 *et seq.* (APA), 28 U.S.C. §§1361, *et seq.* (Mandamus Act), 28 U.S.C. §§651, *et seq.* (All Writs Act), and 28 U.S.C. §§2201, *et seq.* (Declaratory Judgment Act).

## III. VENUE

11.        Venue is properly with this Court, pursuant to 28 U.S.C. §1391(e)(1), because:

a. Defendant Acting Secretary Rand Beers is an officer of the Department of Homeland Security ("DHS") and is responsible for the operation of the DHS and sub-agency USCIS, which are both headquartered in the District of Columbia.  Defendant Beers performs a

significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

b.   Defendant Attorney General Eric Holder is an officer of the Department of Justice ("DOJ"), which is headquartered in the District of Columbia.   Defendant Holder performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

c.   Defendant Director James B. Comey is an officer of the DOJ and Director of the FBI, which is headquartered in the District of Columbia.   Defendant Comey performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

d.   Defendant Alejandro Mayorkas is an officer of the DHS and is the Director of the USCIS, which is headquartered in the District of Columbia.   Defendant Mayorkas performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

e.   Defendant Donald Neufeld is an officer of the DHS and is the Associate Director, Service Center Operations Directorate of the USCIS, which is headquartered in the District of Columbia.  Defendant Neufeld performs a significant amount of his official duties in the District of Columbia and resides, for purposes of venue, within the District of Columbia;

f.   Defendants Mark J. Hazuda and Gregory A. Richardson are officers of the Department of Homeland Security and USCIS.   Defendant Hazuda is the Director of the Nebraska Service Center and Defendant Richardson is the Director of the Texas Service Center.   Defendant Hazuda and Defendant Richardson retain jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Mayorkas, who resides in the District of Columbia;

g.  Defendant Paul Onyango is an officer of the Department of Homeland Security and USCIS and is the Field Office Director for the Atlanta Field Office.   Defendant Onyango retains jurisdiction over the I-485 Applications in question, subject to the discretion of Defendant Mayorkas, who resides in the District of Columbia.

h.  A substantial part of the events or omissions giving rise to Plaintiffs' Complaint occurred within the offices of the DHS, FBI, and USCIS, which are all headquartered in the District of Columbia; and

i.  Judicial economy and the interests of justice warrant that Plaintiffs' action be brought and decided in the District of Columbia, because the above-listed Defendant U.S. officials perform a significant amount of their official duties, and their agencies are all located, within the jurisdiction of this Honorable Court, or are subject to the direction of their Agency Director who is similarly located within the District of Columbia.[1]

12.      Due to the decentralized nature of USCIS case processing, which allows for the transfer of immigrant benefit petitions and Applications to any USCIS facility located anywhere in the United States of America, at any time, venue is only appropriate in the District Court for the District of Columbia.

## IV. PARTIES

13.      Plaintiff-wife, Jailalitha Jonnalagadda, is an adult individual who is a national of India and resides lawfully in the United States.  She resides at 1669 Sierra Drive, Marietta, GA 30062.  *See* Affidavit of Jailalitha Jonnalagadda, dated September 23, 2013, a copy of which is attached and incorporated hereto as Exhibit A.

---

[1] Courts in this district have held that, "[w]hen an officer or agency head performs a 'significant amount' of his or her official duties in the District of Columbia, the District of Columbia is a proper place for venue." *Dehaemers v. Wynne*, 522 F. Supp. 2d 240, 248 (D.D.C. 2007) (citing *Jyachosky v. Winter*, 2006 U.S. Dist. LEXIS 44399 at 12 (D.D.C. June 29, 2006) (citing *Bartman v. Cheney*, 827 F.Supp. 1, 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in Washington, D.C. for purposes of 28 U.S.C. §1391(e))).

14.     Plaintiff-husband, Jaymin Bhupendrabhai Thakkar, is an adult individual who is a national of India and resides lawfully in the United States.  He resides at 1669 Sierra Drive, Marietta, GA 30062.  *See* Affidavit of Jaymin Bhupendrabhai Thakkar, dated September 23, 2013, a copy of which is attached and incorporated hereto as Exhibit B.

15.     Rand Beers is the Acting Secretary of the DHS and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with overseeing the DHS, which includes sub-agency USCIS, and with implementing the INA. He is further authorized to delegate certain powers and authority to subordinate employees of the USCIS, which is an agency within the DHS.  DHS is headquartered at 245 Murray Lane, S.W., Washington, D.C. 20598.

16.     Eric Holder is the Attorney General of the United States and this action is brought against him in his official capacity only, as well as his successors and assigns.  He is charged with certain functions involved in the implementation of the INA, and is further authorized to delegate such powers and authority to subordinate employees of the FBI, which is an agency within the U.S. Department of Justice.  More specifically, Mr. Holder is responsible for overseeing the timely completion of all requests made by the USCIS for security clearances, including screenings by the FBI's National Name Check Program, which is mandated by Executive Order No. 10450.  Presently, every intending immigrant must pass an FBI NNCP screening before his or her I-485 application can be approved.  The DOJ is headquartered at 950 Pennsylvania Avenue, N.W., Washington, D.C. 20530.

17.     James B. Comey, is the Director of the FBI and is named herein only in his official capacity, as well as his successors and assigns, and his duties include ensuring timely completion of all requests made by the USCIS for security clearances, including NNCP screenings.  The FBI is headquartered at the J. Edgar Hoover Building, 935 Pennsylvania Avenue, N.W., Washington, D.C. 20535.

18.      Alejandro Mayorkas is the Director of the USCIS, who is named herein only in his official capacity, as well as his successors and assigns. He is generally charged with the implementation of the Immigration and Nationality Act, and is further authorized to delegate certain powers and authority to subordinate employees of the USCIS. USCIS is specifically assigned the adjudication of I-485 Adjustment of Status Applications. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

19.      Donald Neufeld is the Associate Director, Service Center Operations at USCIS. He is generally charged with overseeing the activities of all four (4) USCIS service centers located in Laguna Niguel, California; Dallas, Texas; Lincoln, Nebraska; and St. Albans, Vermont. USCIS is headquartered at 20 Massachusetts Avenue, N.W., Washington, D.C. 20529.

20.      Mark J. Hazuda is the Director of the Nebraska Service Center of the USCIS, located at 850 S Street, Lincoln, NE 68508 and is named herein only in his official capacity, as well as his successors and assigns. The I-485 Applications in question were properly filed by Plaintiffs with the USCIS Nebraska Service Center on August 16, 2007. *See* Exhibit A and Exhibit B. USCIS, through its headquarters in Washington, D.C., any of its four (4) service centers, National Benefits Center, numerous Field Offices, numerous Sub-Offices and Application Support Centers, has a mandatory duty to act on the delayed I-485 Applications within a reasonable period of time.

21.      Gregory A. Richardson is the Director of the USCIS Texas Service Center of the USCIS located at 4141 North St. Augustine Road, Dallas, TX 75227 and is named herein only in his official capacity, as well as his successors and assigns. Plaintiff-husband's application was transferred to the USCIS Texas Service Center on January 20, 2011.

22.      Paul Onyango is the Field Office Director of the USCIS Atlanta Field Office located at 2150 Parklake Drive N.E., Atlanta, Georgia 30345 and is named herein only in his official capacity, as well as his successors and assigns. The Atlanta Field Office services Cobb

County and the State of Georgia, where the Plaintiffs reside.  The Plaintiffs' applications were initially transferred to the Atlanta Field Office on September 20, 2010, after which Plaintiff-husband's application was transferred to the Texas Service Center on January 20, 2011. Plaintiff-wife's application is currently pending at the Atlanta Field Office.

## V.  STATEMENT OF FACTS

**A.      Process to Become a Lawful Permanent Resident**

23.      An alien residing in the U.S. must complete a multi-step process to become a LPR based on an employment opportunity.  The intending immigrant's actual or potential employer initiates the first two stages.  First, the employer files an Application for Alien Employment Certification, also known as a Labor Certification application ("LC"), with the U.S. Department of Labor ("DOL").  The DOL grants certification when it has been shown to their satisfaction that there are insufficient qualified U.S. workers available and willing to perform the job offered in the area of intended employment.  *See* 8 U.S.C. §1182(a)(5)(A).

24.      Second, if the DOL grants the Labor Certification requested, the employer must then file a Form I-140 Immigrant Petition ("I-140") with USCIS on behalf of the intending immigrant based on the job offer certified by the DOL.  The intending immigrant is referred to as the "beneficiary" of the I-140 Petition.  USCIS examines evidence filed with the petition to determine eligibility for the benefit requested.  *See* 8 U.S.C. §§1153(b) and 1154(b).

25.      Next, the intending immigrant files an I-485 Application to adjust status to become an LPR.  This may be filed concurrently with the I-140 Petition.  *See* 8 C.F.R. §245.2(a)(2)(i).  An approved I-140 Petition is a prerequisite to the approval of the I-485 application.  *See* 8 U.S.C. §1255(a).

26.      Once the I-140 Petition has been approved, and the I-485 Application has been pending for more than 180 days, the intending immigrant may change jobs or employers if the new job is in the same or similar occupational classification as the job for which the I-140

Petition was filed.  *See* INA § 204(j).

27.  A spouse of an intending immigrant may also file an I-485 Application to adjust status to become an LPR based on the marital relationship to the intending immigrant.  A spouse's I-485 Application is approved by USCIS based on "the same status, and the same order of consideration" as the intending immigrant.  8 U.S.C. §1153(d); *see also* 20 C.F.R. §42.32(b)(2).

**B.    Case History**

28.  On August 19, 2005, Plaintiff-husband and Plaintiff-wife wed in Lawrenceville, Georgia.  They remain married to this day.  *See* Marriage Certificate, a copy of which is attached and incorporated hereto as Exhibit C.  *See also*, Exhibit A and Exhibit B.

29.  On information and belief, DB Concepts filed a PERM application on behalf of Plaintiff-wife on August 16, 2006.  *See* Exhibit A.

30.  On or about August 16, 2007, DB Concepts filed an I-140 Petition for Alien Worker ("I-140 Petition") on behalf of Plaintiff-wife, based on a certified LC filed for Plaintiff-wife. *See* Exhibit A.

31.   The I-140 Petition was approved on July 18, 2008.  *See* USCIS Form I-797, Receipt Number LIN-08-013-53361, dated July 18, 2008, a copy of which is attached and incorporated hereto as Exhibit D.

32.  Concurrently with the I-140, on or about August 16, 2007, Plaintiff-wife filed her I-485 Application.  *See* USCIS Form I-797C, Receipt Number LIN-08-013-53403, dated October 16, 2007, a copy of which is attached and incorporated hereto as Exhibit E.

33.  On the same day, Plaintiff-husband filed his I-485 Application as a derivative of Plaintiff-wife, pursuant to §245 of the INA, 8 U.S.C. §1255.  *See* USCIS Form I-797C, Receipt Number LIN-08-013-53580, dated October 16, 2007, a copy of which is attached and incorporated hereto as Exhibit F.

34.     Plaintiff-wife appeared at her local USCIS Application Support Center to have her biometrics captured on 11/30/2007, 08/26/2008, 05/12/2009 and on 09/03/2010. *See* Exhibit A. *See also* ASC Appointment Notices for Plaintiff-wife, copies of which are attached hereto as Exhibit G.

35.     Plaintiff-husband appeared at his local USCIS Application Support Center to have his biometrics captured on 11/30/2007, 05/12/2009 and on 09/30/2010. *See* Exhibit B. *See also* ASC Appointment Notices for Plaintiff-husband, copies of which are attached hereto as Exhibit H.

36.     The INA provides numerical limits on the number of aliens who may be issued immigrant visas or admitted to the United States for permanent residence. 8 U.S.C. §1151(a). The Department of State publishes a monthly bulletin to track and announce the availability of these visas. The Department of State's monthly Visa Bulletin for the month of October, 2013 demonstrates that immigrant visas are currently available to Plaintiffs. *See* U.S. Department of State Visa Bulletin for October, 2013, a partial copy of which is attached and incorporated hereto as Exhibit I. Plaintiffs' priority date is August 16, 2006, in the second preference employment category (EB2). The Visa Bulletin for October, 2013 shows that visa numbers are currently available in the employment-based, second preference category for all qualified applicants in India. *See* Exhibit I.

37.     Therefore, an immigrant visa is immediately available to Plaintiffs, and Plaintiffs are eligible for an adjustment of status to that of LPR. 8 U.S.C. §1255(a); 8 C.F.R. §245.2(a)(2).

38.     Due to extreme delays, the Plaintiffs' I-485 Applications are still pending with USCIS. *See* Exhibit A and Exhibit B.

39.     It has now been **over 2,241 days** since Plaintiffs properly filed their I-485 Applications with USCIS.

40.      Plaintiffs have completed all steps required regarding these cases.  *See* Exhibit A and Exhibit B.

41.      When Congress enacted the Immigration Services and Infrastructure Improvements Act of 2000, it set the period of **180 days** as the normative expectation for the government to complete the processing of immigration benefit Applications (which include I-485 Applications).  Congress indicated that adjudication of such Petitions and Applications "should be completed not later than 180 days after the filing of the initial filing of the application . . . ." *See* 8 U.S.C. §1571(b).

42.      Based on USCIS's own published processing times, the USCIS Nebraska Service Center (where Plaintiffs' Applications were filed) takes approximately four (4) months to adjudicate I-485 Applications.  The USCIS Texas Service Center (where Plaintiff-husband's Application was transferred) also takes approximately four (4) months to adjudicate I-485 Applications.  The USCIS Atlanta Field Office (where Plaintiff-wife's Application was transferred) is currently processing I-485 Applications filed on February 17, 2013.  Yet Defendants have not adjudicated Plaintiffs' I-485 Applications which were filed on August 16, 2007.  *See* Exhibits A and B.  *See also* USCIS Processing Time Information for Nebraska Service Center, posted September 17, 2013, a copy of which is attached and incorporated hereto as Exhibit J; USCIS Processing Time Information for Texas Service Center, posted September 17, 2013, a copy of which is attached and incorporated hereto as Exhibit K; and USCIS Processing Time Information for Atlanta Field Office, posted September 17, 2013, a copy of which is attached and incorporated hereto as Exhibit L.

D.      **USCIS and FBI Security Checks**

43.      Once any application for an immigration benefit is filed, which includes I-485 Applications, the FBI conducts mandatory criminal and national security background checks before an adjudication of the petition or application is completed.  These security checks include the FBI Name Check, which is part of the National Name Check Program ("NNCP").  *See*

Declaration of Bradley J. Brouillette, Supervisory Center Adjudications Officer at the VSC, dated April 23, 2007, at page 2, a copy of which is attached and incorporated hereto as Exhibit M.

44.    In a majority of FBI Name Checks, no "matches" or indications of derogatory information are found. *See* Exhibit M, page 2.

45.    The FBI processes USCIS-requested NNCP checks chronologically, based on the date the request was forwarded.   Initial responses to the NNCP check are generally available within two (2) weeks.   In eighty percent (80%) of Applications, no "match" or derogatory information is found.  Of the remaining twenty percent (20%), most NNCP checks are resolved within six (6) months. *See* Exhibit M, page 6 and USCIS Fact Sheet, dated April 25, 2006, which was referenced in and incorporated into Mr. Brouillette's Declaration, at pages 2-3.

46.    The FBI has stated, in a declaration previously submitted to a court in this district, that it has historically resolved approximately sixty-eight percent (68%) of NNCP name checks with a "no record" result within seventy-two (72) hours.   Of the remaining cases, a secondary check historically has revealed a "no record" result within an additional thirty to sixty (30 - 60) days for twenty-two percent (22%) of all cases. Of the remaining ten percent (10%) of cases, less than one percent (1%) of USCIS cases are identified with a file containing *possible* derogatory information. *See* Declaration of Michael A. Cannon, dated April 13, 2007, at pages 5-6, a copy of which is attached and incorporated hereto as Exhibit N.

47.    On March 4, 2009, USCIS issued an update on the FBI Name Check Backlogs, indicating that much of the backlog has been eliminated.  The Update indicated that by the end of June 2009, the FBI will have completed 98% of USCIS Name Check requests within 30 days, and process the remaining two within three months. *See* USCIS Update on FBI Name Check backlogs, March 4, 2009, a copy of which is attached and incorporated hereto as Exhibit O.

E.    **Exhaustion of Administrative Remedies**

48.      Plaintiffs contacted Senator Saxby Chambliss' office for assistance with their cases.  On September 20, 2010, Plaintiffs' Applications were transferred from the Nebraska Service Center to the Atlanta Filed Office.  *See* Transfer Notices, copies of which are attached hereto as Exhibit P.   On October 24, 2011, an officer from the Nebraska Service Center provided information to Senator Chambliss' office, indicating that Plaintiff-husband's Application had been transferred to the Texas Service Center on January 20, 2011 for further review, while Plaintiff-wife's Application was still pending at the Atlanta Field Office.  After Senator Chambliss' office followed up again with USCIS on Plaintiffs' behalf, on November 14, 2011, an officer at the Atlanta Service Center provided information that no final decision had been made on Plaintiffs' Applications.  *See* Email Communication chain between USCIS Nebraska Service Center, Congressional Unit, Annette Stokes, Constituent Services Representative at Senator Saxby Chambliss' Office, and Plaintiff-wife, attached hereto as Exhibit Q.

49.      On March 22, 2012, Plaintiff-wife contacted the Service Center Operations Directorate ("SCOPS") regarding their pending Applications.   In her communication with SCOPS, Plaintiff-wife explained that her and her husband had priority dates of August 16, 2006, and that their I-485 Applications had been pending for five years.  Plaintiff-wife further described her unsuccessful efforts to determine the cause of delay in their Applications, including making service requests and contacting the Atlanta Field Office.  Plaintiff-wife appealed to SCOPS, requesting that SCOPS investigate the cause of delay in adjudicating the I-485 Applications.  Plaintiff-wife never received a reply from SCOPS.  *See* Email from Plaintiff-wife to the Service Center Operations Directorate, dated March 22, 2012, attached hereto as Exhibit R.

50.      Plaintiffs contacted the CIS Ombudsman's office.  On April 17, 2012, Plaintiff-wife received an email from the Ombudsman's office indicating that they had reached out to the Atlanta Field Office's point of contact for assistance with Plaintiffs' Applications.  Plaintiff-wife was told to contact the Ombudsman's office again in 30 days if she did not hear back from

them.  *See* Email Communication between Plaintiff-wife and CIS Ombudsman's Office, dated April 17, 2012, attached hereto as Exhibit S.

51.      On July 20, 2012, Plaintiffs contacted Vice President Biden's office regarding the pending status of their I-485 Applications.   The White House forwarded Plaintiffs' communication to USCIS' Customer Assistance Office ("CAO").   CAO wrote Plaintiffs a letter on September 4, 2012 stating that at that time, visas were currently unavailable for Plaintiffs' preference category.  *See* Letter from Ellen Hannon, Acting Branch Chief at the CAO, dated September 4, 2012, attached hereto as Exhibit T.

52.      Plaintiffs contacted Senator Saxby Chambliss' office a second time to request assistance in resolving the delay.  On August 28, 2013, Senator Chambliss wrote Plaintiffs a letter informing them that he had contacted officials at USCIS to ask that their Applications be expeditiously considered.  However, due to the number of pending cases, Senator Chambliss informed Plaintiffs that it could take a few weeks to a few months to get a decision.  *See* Letter from Senator Saxby Chambliss to Plaintiff-wife, dated August 28, 2013, attached hereto as Exhibit U.

53.      Plaintiffs also contacted Senator Johnny Isakson's office for assistance.  On August 28, 2013, Plaintiffs received email communication from Senator Isakson's office in which he confirmed that Plaintiffs' Applications are currently pending with USCIS.  USCIS informed Senator Isakson's office that they are unable to determine when the review process for Plaintiffs' I-485 Applications will be completed.  USCIS told Senator Isakson's office that Plaintiffs should contact them within 90 days if they do not hear back from USCIS. *See* Email Communication from Senator Isakson's Office, dated August 28, 2013, attached hereto as Exhibit V.

54.      All of the Plaintiffs' efforts have been futile and their Applications still remain pending.

55.     There are no further administrative remedies available to Plaintiffs to redress their grievances described herein.

## VI. CLAIMS FOR RELIEF

### Count I

### (Violation by DHS/USCIS of 5 U.S.C. §555(b))

56.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

57.     Pursuant to the APA, a person adversely affected by agency action is entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

58.     The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

59.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

60.     Under the APA, USCIS has a mandatory, non-discretionary duty to complete the adjudication of Plaintiffs' I-485 Applications, and to do so within a reasonable time.

61.     Under the INA and DHS regulations, DHS, through its sub-agency USCIS, has a mandatory, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications.  *See* 8 U.S.C. §1255 (providing non-citizens the right to seek adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and Applications) and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 Application for adjustment of status and the reasons therefore).

62.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the grant or denial of these filings.

63.     The Immigration and Nationality Act indicates that a reasonable time period for USCIS to adjudicate Applications for immigration benefits (which include I-485 Applications) is within 180 days of filing. *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application (which includes I-485 Applications) should be completed not later than 180 days after the initial filing of the application).

64.     Based on USCIS' own published processing times, the USCIS Nebraska Service Center (where Plaintiffs' Applications were filed) takes approximately four (4) months to adjudicate I-485 Applications.   The USCIS Texas Service Center (where Plaintiff-husband's Application was transferred) also takes approximately four (4) months to adjudicate I-485 Applications.  The USCIS Atlanta Field Office (where Plaintiff-wife's Application was transferred) is currently processing I-485 Applications filed on February 17, 2013.  Yet Defendants have not adjudicated Plaintiffs' I-485 Applications which were filed on August 16, 2007.  *See* Exhibit J, Exhibit K and Exhibit L.

65.     USCIS' delay in adjudication of Plaintiffs' I-485 Applications of over 2,241 days since the subject cases were filed is unreasonable and in violation of the APA.

66.     Plaintiffs have exhausted administrative remedies.

67.     USCIS' unreasonable and unlawful delay in adjudication of Plaintiffs' I-485 Applications has caused, and is causing, Plaintiffs ongoing and substantial injuries.

### Count II

### (Mandamus Action to Compel an Officer of DHS/USCIS to Perform his Duty)

68.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

69.     Plaintiffs assert claims for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

70.     USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications.  *See, e.g.,* 8 U.S.C. §1255 (providing non-citizens the right to seek

17

adjustment of status and assigning the Secretary of DHS the task of adjudicating such Applications), 8 C.F.R. §103.2(b)(19) (requiring a written decision on petitions and applications), and 8 C.F.R. §245.2(a)(5)(i) (requiring notification to the applicant of the decision on the I-485 application for adjustment of status and the reasons therefore).

71.      USCIS has a mandatory, ministerial, non-discretionary duty to adjudicate Plaintiffs' I-485 Applications within a reasonable time.

72.      Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the adjudication of the subject Applications, not the grant or denial of these filings.

73.      The INA indicates that a reasonable time period for USCIS to adjudicate petitions and applications for immigration benefits such as Petitions for Immediate Relatives and for Adjustment of Status is within 180 days of initial filing.  *See* 8 U.S.C. §1571(b) (it is the sense of Congress that the processing of an immigration benefit application (which includes I-485 Applications) should be completed not later than 180 days after the initial filing of the application).

74.      Based on USCIS' own published processing times, the USCIS Nebraska Service Center (where Plaintiffs' Applications were filed) takes approximately four (4) months to adjudicate I-485 Applications.  The USCIS Texas Service Center (where Plaintiff-husband's Application was transferred) also takes approximately four (4) months to adjudicate I-485 Applications.  The USCIS Atlanta Field Office (where Plaintiff-wife's Application was transferred) is currently processing I-485 Applications filed on February 17, 2013.  Yet Defendants have not adjudicated Plaintiffs' I-485 Applications which were filed on August 16, 2007.  *See* Exhibit J, Exhibit K and Exhibit L.

75.      Against these standards, DHS/USCIS have failed to adjudicate the subject Applications within a reasonable period of time, considering that over 2,241 days have passed since Plaintiffs filed the I-485 Applications in question.

76.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty, since Plaintiffs have contacted USCIS without results or indication of when adjudication of these cases might be forthcoming.

77.     Plaintiffs ask the Court to compel DHS Acting Secretary Rand Beers, USCIS Director Alejandro Mayorkas, Associate Director Donald Neufeld, Director Mark J. Hazuda, Director Gregory A. Richardson, and Field Office Director Paul Onyango to perform their duties and adjudicate Plaintiffs' Applications.

78.     USCIS' unreasonable and unlawful delay in adjudication of the subject I-485 Applications has caused, and is causing, Plaintiffs ongoing and substantial injury.

## Count III

## (Violation by DOJ/FBI of 5 U.S.C. §555(b))

79.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

80.     Pursuant to the APA, a person adversely affected by agency action in entitled to judicial review.  *See* 5 U.S.C. §702.  Agency action includes a failure to act.  *See* 5 U.S.C. §551(13).

81.     The APA requires agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. §555(b).

82.     A court may "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. §706(1).

83.     Defendant FBI has a mandatory, non-discretionary duty to complete all USCIS-requested NNCP name checks.  *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997); 8 C.F.R. §335.2(b).

84.     Defendant FBI has a mandatory, non-discretionary duty to complete USCIS-requested NNCP name checks within a reasonable time.

85.     Plaintiffs' Complaint challenges only the reasonableness of Defendants' delay or inaction in the completion of the NNCP checks on the subject I-485 Applications, not the grant or denial of these filings.

86.     Defendant FBI's delay in completing these NNCP name checks is unreasonable and therefore in violation of the APA, considering that over 2,241 days have passed since Plaintiffs filed the I-485 Applications in question, which is far in excess of the average time it takes the FBI to complete a name check.

87.     Defendant FBI's unreasonable delay in completing the NNCP name checks for the subject I-485 Applications is preventing adjudication by USCIS.

88.     Plaintiffs have exhausted their administrative remedies.

89.     The FBI's unreasonable and unlawful delay in completion of the NNCP name checks for the subject I-485 Applications has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## Count IV

### (Mandamus Action to Compel an Officer of DOJ/FBI to Perform his Duty)

90.     Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

91.     Plaintiffs assert a claim for mandamus relief under 28 U.S.C. §1361 which provides the authority to compel an agency to perform a duty owed to Plaintiffs.

92.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications. *See, e.g.,* Pub. L. 105-119, Title I, 111 Stat. 2440, 2448-49 (1997).

93.     The FBI has a mandatory, ministerial, non-discretionary duty to complete the NNCP name checks for the subject I-485 Applications within a reasonable time.

94.     Plaintiffs have a clear and certain right to have the NNCP name checks for the subject I-485 Applications completed within a reasonable period of time.

95.     Plaintiffs challenge only the reasonableness of Defendants' delay or inaction in the completion of these NNCP checks, and adjudication of the subject I-485 Applications, not the grant or denial of these cases.

96.     The FBI has failed to complete the NNCP name checks on the subject I-485 Applications within a reasonable period of time, considering that over 2,241 days have passed since Plaintiffs filed the I-485 Applications in question. This time period is far in excess of the average time it takes the FBI to complete a Name Check.

97.     Plaintiffs have no other adequate remedy to compel the agency to perform its duty.

98.     Plaintiffs ask this Court to compel Defendants Attorney General Eric Holder and FBI Director James B. Comey to complete the FBI National Name Check Program clearances on the subject I-485 Applications, which is required for the USCIS to adjudicate these I-485 Applications.

99.     The FBI's unreasonable and unlawful delay in completion of these NNCP name checks has caused, and is causing, Plaintiffs ongoing and substantial injuries.

## VII. INJURIES TO PLAINTIFFS

100.     The USCIS' unreasonable delay in adjudicating the subject I-485 Applications is causing Plaintiffs substantial harm.  Plaintiffs are unable to plan for the future, and are forced to put important life decisions on hold while waiting for USCIS to adjudicate their I-485 Applications.  *See* Exhibit A and Exhibit B.

101.     The USCIS' unreasonable delay is preventing Plaintiffs from obtaining lawful permanent resident status in the United States.  This status would provide Plaintiffs with the following benefits:  the right to remain lawfully in the U.S. and not be subject to deportation; the right to work in the United States, and the right to pursue U.S. citizenship through naturalization. *See* Exhibit A and Exhibit B.

WHEREFORE, Plaintiffs pray that this Honorable Court:

(1)     Declare that Defendants' delay in adjudicating Plaintiffs' I-485 Applications (including completing the FBI name checks) is unreasonable and in violation of the APA and the INA;

(2)     Compel Defendant Acting Secretary Rand Beers, Defendant Director Alejandro Mayorkas, Associate Director Donald Neufeld, Defendant Director Mark J. Hazuda, Defendant Director Gregory A. Richardson, and Defendant Field Office Director Paul Onyango to perform their duties to adjudicate Plaintiffs' I-485 Applications;

(3)     Compel Defendant Attorney General Eric Holder and Defendant Director James B. Comey to complete the name, background and security checks for the subject I-485 Applications;

(4)     Compel Defendants to complete all necessary steps and adjudicate the subject I-485 Applications within fourteen (14) days of an Order of this Court;

(5)     Grant such other relief as this Court deems proper under the circumstances; and

(6)     Grant attorney's fees, expenses and costs of court to Plaintiffs, pursuant to the EAJA.

Respectfully submitted on this 7rd day of October 2013.


/s/ Aron A. Finkelstein, Esquire
U.S. District Court Bar #MD25560
Murthy Law Firm
10451 Mill Run Circle, Suite 100
Owings Mills, MD 21117
(410) 356-5440

Attorneys for Plaintiffs